UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:07-CV-200-TBR

RICHARD APODACA et al.                                                              PLAINTIFF

v.

SIMPSON COUNTY JAIL et al.                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Defendants' Motion for Summary Judgment (Docket #93). Plaintiff has not responded. This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

Eighteen Plaintiffs initiated this civil rights action under 42 U.S.C. § 1983. However, because they failed to notify the Court of their current addresses, all but one of the Plaintiffs were dismissed as parties. The remaining Plaintiff, Otis Lee Lewis, filed his amended complaint, pro se, with the Court on January 26, 2009.

Plaintiff was incarcerated at Simpson County Jail in Franklin, Kentucky from November 11, 2007 until June 13, 2008. In his amended complaint, he alleges that his civil rights were violated by: (1) the housing of county and state inmates together; (2) overcrowded conditions; (3) being stuck on the head and shoulder by falling debris caused by a leaky ceiling; (4) insufficient cleaning supplies; (5) insufficient clothing provisions ; (6) inadequate mail delivery; (7) failure to complete the paperwork necessary for Plaintiff to file his habeas petition; and (8) understaffed security. Plaintiff filed two grievances while he was incarcerated - one on December 24, 2007 and the other on March 17, 2008. Defendants now move for summary judgment.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**ANALYSIS**

Defendants filed their motion for summary judgment on April 9, 2009. After Plaintiff failed to respond, the Court granted Plaintiff an additional thirty days in which to do so. Over sixty days have passed and Plaintiff has not responded. Federal Rule of Civil Procedure 56(e)(2)

provides that if the opposing party does not respond, "summary judgment should, if appropriate, be entered against that party." For the reasons set forth below, the Court finds that summary judgment is appropriate in this case.

**A.      Exhaustion of Administrative Remedies**

Prior to filing a civil lawsuit, a prisoner must first properly exhaust his available administrative remedies. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81 (2006). "All 'available' remedies must [ ] be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal citations omitted).

The exhaustion requirement remains even after a prisoner is released from prison so long as his lawsuit (1) was filed while he was prison, and (2) implicates "prison conditions." *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003). The exhaustion requirement remains in effect in this case because Plaintiff filed his original complaint while he was incarcerated and his claims are based on prison conditions. *See Porter*, 534 U.S. at 532 (holding that "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

Defendants argue that Plaintiff did not exhaust his administrative remedies in this case because he did not appeal from the initial responses to the two grievances he filed with the jailer. Defendants cite to the inmate grievance procedure, which provides:

> Appeal: If not satisfied with the disposition of the grievance by the jailer, the inmate shall be furnished paper, pencil and an envelope in order to set forth his grievance in writing and his objection to the disposition of the grievance. The inmate's appeal letter will then be forwarded to the County Attorney.

In his affidavit, Robert Huber, the Jailer of Simpson County, Kentucky, states that while Plaintiff filed two grievances with the jail, he took no action to appeal the response to those grievances. To exhaust his administrative remedies, a prisoner must pursue all available procedural steps in the administrative process, including all available appeals. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6 th Cir. 1999). Plaintiff did not appeal his grievances in conformance with the inmate grievance procedure. Because Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit, the Court finds that Defendants are entitled to summary judgment.

**B.     Physical Injury**

Defendants further argue that Plaintiff's suit must be dismissed because he has not alleged a physical injury as required under the Prison Litigation Reform Act. 42 U.S.C. § 1997e. Section 1997e(e) provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In his amended complaint, Plaintiff complains of being struck by falling debris. However, he states that as a result of being struck he suffered "shock and fear." He does not complain of any physical injury. In regard to his other claims, Plaintiff alleges that he suffered postpartum depression, embarrassment, and mental anguish.

A physical injury must be more than de minimis to support a claim for mental or emotional suffering under § 1997e(e). *Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001). In this case, Plaintiff has alleged no physical injuries. For this reason, and in accordance with § 1997e(e), the Court finds that Plaintiff cannot sustain his lawsuit.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

An appropriate order shall follow.